IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VASHUN LEWIS,** | : | |
| Petitioner | : | No. 1:21-cv-01967 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **WARDEN OF USP-ALLENWOOD, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2241 in which Petitioner Vashun Lewis ("Lewis") challenges a 2020 conviction and sentence in the United States District Court for the District of Connecticut. The Court will dismiss the petition without prejudice for lack of jurisdiction.

**I.  BACKGROUND**

On March 5, 2020, following a three-day jury trial, Lewis was convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924 and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). See United States v. Lewis, No. 3:18-CR-00220, 2020 WL 5015437, at *1 (D. Conn. Aug. 25, 2020). Lewis moved for a judgment of acquittal or a new trial on March 17, 2020. See id. The court denied the motion on August 25, 2020. See id. Lewis was subsequently sentenced to ninety months of imprisonment on March 31, 2021. See United States v. Lewis, No. 3:18-CR-00220 (D. Conn. Mar. 31, 2021). Lewis did not file a direct appeal of his conviction or sentence, nor did he file any collateral motions attacking his sentence under 28 U.S.C. § 2255.

Lewis filed the instant petition on November 18, 2021. (Doc. No. 1.) He raises five grounds for habeas corpus relief: (1) that his conviction under 18 U.S.C. § 924 "is not attached to a predicate case and therefore cannot exist on its own"; (2) that the trial court failed to instruct

the jury on the government's obligation to prove that Lewis knew he was a felon in violation of Rehaif v. United States, 588 U.S. __, 139 S. Ct. 2191 (2019); (3) that the government failed to prove that Lewis knew he was a felon at the time he possessed the firearm for purposes of his § 922(g) conviction, as required by Rehaif; (4) that the indictment charging him with crimes was factually defective; and (5) that the indictment was defective because it was not signed by a grand jury foreperson. (Doc. No. 1.)

## II.   LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.   DISCUSSION

Dismissal of this case under Rule 4 is appropriate because the Court does not have jurisdiction to consider Lewis's petition. Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the savings clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255

motion is "inadequate or ineffective." See id. at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); 28 U.S.C. § 2255(e)).

To demonstrate that a § 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Lewis has not shown that a § 2255 motion would be inadequate or ineffective to adjudicate his claims. His first, fourth, and fifth claims challenge the factual bases for the charges against him and the adequacy of the indictment and plainly could have been raised through a § 2255 motion. As for his two Rehaif claims, the Court notes that several decisions in this district have allowed petitioners to bring claims based on Rehaif through § 2241 habeas corpus petitions. See, e.g., Richardson v. Warden of USP-Allenwood, No. 1:20-CV-00633, 2021 WL 5038960, at *4 (M.D. Pa. Oct. 29, 2021). Those cases, however, allowed the claims to proceed under the In re Dorsainvil exception because Rehaif was decided after the petitioners' convictions had become final, and therefore the petitioners did not have an earlier opportunity to

3

raise their Rehaif claims.  See id. (stating that "[w]e find that Richardson may bring his knowledge of status claim pursuant to the Third Circuit's holding in Dorsainvil . . . because Rehaif could negate his conviction for unlawful possession of a firearm and Richardson had already filed a § 2255 motion by the time Rehaif was decided in 2019").  That situation is not present here, as Rehaif was decided on June 21, 2019, several months before Lewis's March 2020 trial.  Lewis thus could have raised his Rehaif claims through a § 2255 motion and § 2255 motion is neither inadequate nor ineffective to adjudicate the claims.

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for lack of jurisdiction.  An appropriate order shall issue.

.